## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**STEVEN THOMAS PENTHENY,**
**D.O.C. # B82023,**

      **Plaintiff,**

**vs.**                       **Case No. 4:25-cv-166-MW-MAF**

**STATE OF FLORIDA,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner proceeding pro se, submitted a typed filing titled "complaint." ECF No. 1. It was docketed by the Clerk's Office as an action under 42 U.S.C § 1983. He has not paid the filing fee or filed a motion for in forma pauperis status. There are numerous deficiencies with Plaintiff's filing, but the main problem is that proper venue lies in the Middle District of Florida.

Though Plaintiff's "complaint" references § 1983, he clearly seeks habeas relief under 28 U.S.C § 2254.[1] That is because Plaintiff challenges his criminal conviction, alleging prosecutorial and trial court errors, and requests "emergency release" from custody. ECF No. 1 at 1-3. He does  not

---

[1] He also refers to himself throughout as "Petitioner," indicative of a habeas action. E.g., ECF No. 1 at 1.

seek monetary damages or challenge any conditions of his confinement. Id. Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). And while often the remedy would be a dismissal of the § 1983 action with guidance to Plaintiff that he can separately initiate a § 2254 action, the more equitable path here is to construe the action as a habeas petition and transfer the case to the Middle District of Florida.

The Court takes judicial notice of Plaintiff's criminal case: State of Florida v. Pentheny, Clay County Case No. 2023-CF-78 (Fla. 4th Cir. Ct.).[2] Plaintiff was convicted and sentenced in 2023 after a jury trial. The judgment was affirmed by the Fifth District Court of Appeal on May 14, 2024. Pentheny v. State, Case No. 5D2023-2624 (Fla. 5th DCA 2024) (per curiam). The Court has not undertaken a timeliness review under § 2244 or explored any applicable tolling provisions, but it would appear at first glance that the habeas limitations period is likely to run within the next several months. See 28 U.S.C § 2244(d)(1)(A); Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d

---

[2] The case docket is accessible at <https://inquiry.clayclerk.com/Home.aspx/Search>. Clay County is located within the Middle District of Florida.

1273, 1274-1275 (11th Cir. 2006) (one-year limitations period begins to run 90 days after entry of state appellate court's judgment, when time for seeking Supreme Court review expires).

Plaintiff is incarcerated at Lawtey CI in Bradford County, Florida. Bradford County is not within the territorial jurisdiction of this Court. Like Clay County, it is located within the Middle District of Florida.

A federal habeas action may be brought "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C § 2241(d). Venue is therefore appropriate in the Middle District of Florida because Plaintiff was convicted there and is incarcerated there.

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may raise the issue of defective venue sua sponte but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010); Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). Justice is better served by transferring this case to the appropriate forum rather than

dismissing it. This is especially true when considering the time allowed for objections, frequent mailing delays, and the impending habeas limitations period. A transfer would allow Plaintiff to pursue a timely habeas petition. There is no need for a hearing prior to directing transfer.

The proper forum for this action pursuant to 28 U.S.C. § 2241(d) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

## **RECOMMENDATION**

For the reasons discussed, and pursuant to 28 U.S.C. § 1406(a), it is respectfully **RECOMMENDED** that this case, construed as a § 2254 action, be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on April 17, 2025.

> **s/ Martin A. Fitzpatrick**
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**